HERMAN BRODSKY ENTERPRISES, INC v STATE TAX COMMISSION

Docket No. 144839. Submitted January 11, 1994, at Lansing. Decided April 4, 1994, at 9:05 A.M.

The State Tax Commission revoked two industrial facilities exemption certificates issued pursuant to the rehabilitation and industrial development districts act, MCL 207.551 *et seq.*; MSA 7.800(1) *et seq.,* to Production Printing, Inc., and CEC Products Co., Inc., with regard to property located in the City of Center Line and rented from Herman Brodsky Enterprises, Inc. Brodsky and Control One, Inc., Total Concepts, Inc., and Suburban Sorting Services, Inc., who currently are, or at one time were, tenants at Brodsky's facility after the departure of Production Printing and CEC Products, petitioned the Macomb Circuit Court for review of the commission's action, naming the State Tax Commission and the City of Center Line as respondents. The court, George E. Montgomery, J., affirmed the commission's decision. Brodsky, Control One, and Total Concepts appealed.

The Court of Appeals *held:*

1. The commission's decision was not contrary to law. The circuit court properly upheld the decision.

2. Control One and Total Concepts have not applied for a transfer of the exemption certificates, and there is no automatic right to have the certificates reassigned to them. Applications for transfers must be in accordance with MCL 207.571; MSA 7.800(21) and MCL 207.555; MSA 7.800(5). No substantial rights of these petitioners were prejudiced by the revocation of the exemption certificates.

3. Because Brodsky placed responsibility for paying the ad valorem property taxes upon its tenants and did not intend or attempt to establish its own manufacturing operation, it was

REFERENCES

Am Jur 2d, State and Local Taxation §§ 24, 201, 207, 307, 315, 326, 350, 354; Taxpayers' Actions §§ 3, 10.
See ALR Index under Taxes.

not entitled to an exemption and is not an aggrieved party pursuant to MCL 207.570; MSA 7.800(20).

Affirmed.

1. Taxation — Rehabilitation and Industrial Development Districts Act — Industrial Facilities Exemption Certificates — Transfer of Certificates.

Section 21 of the rehabilitation and industrial development districts act permits the transfer of an industrial facilities exemption certificate only with the approval of the local governmental unit and the State Tax Commission after application by the new owner or lessee of the property to which the certificate applies and notice and hearing in the same manner as provided in § 5 of the act for an original application for a certificate; there is no automatic right of reassignment of an exemption certificate to a new owner or lessee (MCL 207.555, 207.571; MSA 7.800[5], 7.800[21]).

2. Taxation — Rehabilitation and Industrial Development Districts Act — Industrial Facilities Exemption Certificates — Revocation or Transfer of Certificates — Aggrieved Party.

An owner of rental property who places responsibility for paying ad valorem property taxes upon its tenants and who has never intended or attempted to establish its own manufacturing operation in the leased premises is not an aggrieved party who may appeal from either the State Tax Commission's revocation of a tenant's industrial facilities exemption certificate issued pursuant to the rehabilitation and industrial development districts act or the commission's refusal to transfer to a new tenant a certificate issued to a former tenant (MCL 207.570; MSA 7.800[20]).

*Jeffrey L. Brodsky,* for Herman Brodsky Enterprises, Inc., Control One, Inc., and Total Concepts, Inc.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Russell E. Prins* and *Ross H. Bishop,* Assistant Attorneys General, for the State Tax Commission.

*Michael W. Rogensues,* for the City of Center Line.

Before: Weaver, P.J., and Shepherd and D. A. Johnston, III,* JJ.

Shepherd, J. Petitioners appeal as of right from a September 5, 1991, opinion and order of the circuit court upholding an earlier decision of the State Tax Commission to revoke Industrial Facilities Exemption Certificates 84-743 and 85-017. We affirm.

This case involves an application of the rehabilitation and industrial development districts act, MCL 207.551 *et seq.*; MSA 7.800(1) *et seq.* The Legislature adopted the act to provide qualifying facilities with an exemption from, or abatement of, ad valorem real and personal property taxes under the General Property Tax Act, MCL 211.1 *et seq.*; MSA 7.1 *et seq. Great Lakes Sales, Inc v State Tax Comm,* 194 Mich App 271, 274; 486 NW2d 367 (1992). Holders of an exemption certificate pay an industrial facility tax, MCL 207.561; MSA 7.800(11), that equals fifty percent of what the facility's tax would be under the General Property Tax Act. MCL 207.564(2); MSA 7.800(14)(2). In cases where the facility is leased, the lessee becomes eligible for the exemption after furnishing proof of its liability for the payment of ad valorem property taxes. MCL 207.552(6); MSA 7.800(2)(6). Application for an industrial facility tax exemption must be made in accordance with MCL 207.555; MSA 7.800(5).

Herman Brodsky Enterprises, Inc., is the owner of certain rental property suitable for industrial operations in the City of Center Line. The facility is constructed of cement block, and is divided into various units. Control One, Inc., Total Concepts, Inc., and Suburban Sorting Services, Inc., either

---

* Circuit judge, sitting on the Court of Appeals by assignment.

currently are, or at one time were, tenants at Brodsky's facility.

The circuit court outlined the remaining facts relevant to this case as follows in its September 5, 1991, opinion and order:

This matter is before the Court on petitioners' applications for review pursuant to MCR 7.105.

The instant action is a consolidation of two separate appeals from actions of the City of Center Line and the Michigan State Tax Commission, ("Tax Commission"). Petitioners filed this amended administrative appeal on December 17, 1990 following the Court's Opinion and Order of November 19, 1990 which denied petitioner's Herman Brodsky Enterprises, Inc., ("Brodsky"), original petition for review because the real parties in interest were not before the Court.

In the first petition, Suburban Sorting Services, Inc., ("Suburban"), a former tenant of petitioner Brodsky, was denied its application for transfer of Industrial Facilities Exemption Certificate 84-743 from Production Printing, Inc., ("Production Printing"), Brodsky's previous tenant, on January 15, 1990 because Center Line's city council determined that Suburban was not a "manufacturer" pursuant to the statutory definitions of the Plant Rehabilitation and Industrial Development Districts Act. Respondent Tax Commission revoked Exemption Certificate 84-743 on March 21, 1990 with the revocation to become effective on December 30, 1990. Petitioner Suburban wants to transfer Exemption Certificate 84-743 to petitioner Control One, Inc., ("Control One") since Control One is a current tenant and occupies the premises formerly occupied by Production Printing and Suburban.

In the second petition, CEC Products Co., Inc., ("CEC Products"), had Industrial Facilities Exemption Certificate 85-017 which was to continue until 1995. CEC Products vacated the premises in August of 1989 following expiration of its lease with petitioner Brodsky and was replaced with a new

tenant, Temple Beth El of Marquette d/b/a Abused Children's Fund, ("Temple Beth El"). Following Center Line's request, respondent Tax Commission revoked the exemption certificate held by CEC Products on January 23, 1990 retroactively to December 20, 1989. Center Line's reason for requesting revocation of that exemption certificate was that Temple Beth El was operating in violation of Center Line's zoning ordinances. Since Center Line also refused to grant Temple Beth El a business license which would allow Temple Beth El to operate and generate income, Brodsky evicted Temple Beth El for non-payment of rent. Subsequently, petitioner Total Concepts, Inc., ("Total Concepts"), has occupied the premises vacated by Temple Beth El and has been assigned all the rights formerly enjoyed by Temple Beth El. Brodsky has designated both Control One and Total Concepts to be assignees of all rights to the tax abatement.

Acting as an appellate court pursuant to MCR 7.105, the circuit court found that the commission's decision to revoke the exemption certificates was supported by competent, material, and substantial evidence on the whole record. The circuit court noted that the actual holders of the exemption certificates that were revoked—Production Printing and CEC Products—were both invited to testify at the revocation hearings, but failed to attend. The circuit court found nothing in the record to indicate that the substantial rights of either Control One or Total Concepts had been prejudiced by the revocation of, or the refusal to transfer, the exemption certificates. Accordingly, the circuit court affirmed the decision of the commission. Herein, petitioners appeal as of right from the decision of the circuit court.

The scope of our review is governed by § 106 of the Administrative Procedures Act, MCL 24.306; MSA 3.560(206), as follows:

(1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:

(a) In violation of the constitution or a statute.

(b) In excess of the statutory authority or jurisdiction of the agency.

(c) Made upon unlawful procedure resulting in material prejudice to a party.

(d) Not supported by competent, material and substantial evidence on the whole record.

(e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.

(f) Affected by other substantial and material error of law.

(2) The court, as appropriate, may affirm, reverse or modify the decision or order or remand the case for further proceedings.

On appeal, petitioners argue that the decision to revoke the exemption certificates was tainted by an improper interpretation of the law. Petitioners argue that the commission's decision was based upon the erroneous assumption that Control One and Total Concepts, the most recent lessees, should not be afforded an opportunity to contest the revocation of the exemption certificates. However, we find no error.

Petitioners point to § 20 of the rehabilitation and industrial development districts act, MCL 207.570; MSA 7.800(20), in support of their argument that they have standing to contest the revocation of the exemption certificates because they constitute "aggrieved" parties. Section 20 provides as follows:

A party aggrieved by the issuance or refusal to issue, revocation, transfer, or modification of an

industrial facilities exemption certificate may appeal from the finding and order of the commission in the manner and form and within the time provided by Act No. 306 of the Public Acts of 1969, as amended.

The term "aggrieved party" is not defined in the act. However, Black's Law Dictionary (6th ed), p 65, defines an aggrieved party as

[o]ne whose legal right is invaded by an act complained of, or whose pecuniary interest is directly and adversely affected by a decree or judgment. One whose right of property may be established or divested. The word "aggrieved" refers to a substantial grievance, a denial of some personal, pecuniary or property right, or the imposition upon a party of a burden or obligation.

Petitioners Control One and Total Concepts argue that they are "aggrieved parties" because § 21 of the act, MCL 207.571; MSA 7.800(21), contemplates the transfer of an exemption certificate to a new lessee. Petitioners argue that their rights to have the certificates transferred to them were denied by the commission's decision to revoke the certificates.

However, petitioners have apparently overlooked the plain language of § 21, which only permits the transfer of an exemption certificate "with the approval of the local governmental unit and the commission after application by the new owner or lessee, and notice and hearing in the same manner as provided in section 5 for the application for a certificate." MCL 207.571; MSA 7.800(21). Of crucial importance to this case, it is undisputed that neither Control One nor Total Concepts has applied for a transfer of the exemption certificates. As such, it would not benefit these petitioners to contest the revocation of the exemp-

tion certificates of Production Printing and CEC Products because petitioners would still be required to apply for a transfer in accordance with MCL 207.571; MSA 7.800(21) and MCL 207.555; MSA 7.800(5). Clearly, petitioners can not effect a transfer of the exemption certificates by a mere request at the revocation hearings.

In this case, no substantial rights of the petitioners were prejudiced by the revocation of the exemption certificates of Production Printing and CEC Products because there is no automatic right to reassign an exemption certificate to a new lessee. As noted above, such a transfer requires an application, notice, and a hearing in the same manner as an original application. MCL 207.571; MSA 7.800(21). Through that process, the local government and the commission can ensure, inter alia, that the facility is in fact being used for manufacturing. MCL 207.552(6); MSA 7.800(2)(6). The application process also provides an opportunity for the local government to evaluate the impact of an exemption upon the operation of the local government. MCL 207.559; MSA 7.800(9).

We recognize that Suburban Sorting originally applied for, and was denied, a transfer of Production Printing's exemption certificate. However, Suburban Sorting appealed neither the denial of its request for transfer nor the revocation of Production Printing's exemption certificate. In any event, even if Suburban Sorting had been granted a transfer of Production Printing's exemption certificate, Control One would have no right to a transfer of Suburban Sorting's exemption certificate absent compliance with MCL 207.571; MSA 7.800(21).

Accordingly, we do not disagree with the circuit court's conclusion that no substantial rights of petitioners Control One and Total Concepts were

prejudiced by the commission's decision.[1] MCL 24.306; MSA 3.560(206). Petitioners had no right to a transfer of the tax exemptions absent compliance with MCL 207.571; MSA 7.800(21).[2]

Further, the circuit court's decision was correct with respect to petitioner Herman Brodsky Enterprises, Inc., the owner of the premises. Although under certain circumstances the owner of industrial property may apply for an industrial facility exemption, MCL 207.555; MSA 7.800(5), in this case it was undisputed that Brodsky had placed responsibility for paying the ad valorem property taxes upon its tenants. There is no indication that Brodsky ever intended or attempted to establish its own manufacturing operation. As a result, Brodsky was not entitled to an exemption, and also should not be considered an aggrieved party pursuant to MCL 207.570; MSA 7.800(20).

Accordingly, we are not convinced that the commission's decision was contrary to law. MCL 24.306; MSA 3.560(206). The circuit court properly upheld the decision of the commission.

Affirmed.

---

[1] Stated differently, even if the commission's decision to revoke the exemption certificates of Production Printing and CEC Products was not based upon competent, material, and substantial evidence on the whole record, it would not necessarily follow that the substantial rights of the petitioners have been prejudiced.

[2] We would note that the commission's act of revoking the prior exemption certificates did not preclude the subsequent tenants from applying for an exemption. The record reveals that it has been the policy of the commission to entertain an application for transfer of an exemption where it has previously revoked an exemption certificate of a former tenant. However, we need not address that issue in this appeal because petitioners never made an application for transfer.