HERMAN BRODSKY ENTERPRISES, INC v STATE TAX
COMMISSION

Docket No. 148693. Submitted January 18, 1994, at Lansing. Decided
May 17, 1994, at 9:00 A.M.

Herman Brodsky Enterprises, Inc., and Preferred Restoration,
Inc., petitioned the Macomb Circuit Court for judicial review of
a decision by the State Tax Commission to deny a request for a
transfer of an industrial facilities exemption certificate issued
pursuant to the plant rehabilitation and industrial develop-
ment districts act, MCL 207.551 *et seq.*; MSA 7.800(1) *et seq.*,
for a plant owned by Herman Brodsky Enterprises and located
in the City of Center Line. The city and the commission denied
the transfer on the ground that Preferred Restoration, the
proposed transferee, was not a manufacturer as defined in MCL
207.552(6); MSA 7.800(2)(6). The court, Raymond R. Cashen, J.,
determined that Preferred Restoration qualified as a manufac-
turer under the act but nonetheless lacked standing to chal-
lenge the denial of the transfer. The petitioners appealed.

The Court of Appeals *held:*

1. The conclusion by the city and the commission that Pre-
ferred Restoration did not meet the definition of "manufac-
turer," as provided in the act, was not supported by competent,
material, and substantial evidence.

2. MCL 207.570; MSA 7.800(20) allows persons aggrieved by
the commission's denial of a request for the transfer of an
industrial facilities exemption certificate to appeal such a de-
nial. The petitioners have standing under § 20 to challenge the
denial of the transfer.

Reversed and remanded.

*Jeffrey L. Brodsky,* for Herman Brodsky Enter-
prises, Inc., and Preferred Restoration, Inc.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, and *Russell E. Prins* and
*Ross H. Bishop,* Assistant Attorneys General, for
the State Tax Commission.

*Michael W. Rogensues,* for the City of Center Line.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and D. G. TYNER,* JJ.

PER CURIAM. Petitioners appeal a January 10, 1991, Macomb Circuit Court order affirming the decision of the State Tax Commission denying petitioners' request to transfer an industrial facilities exemption certificate. See MCL 207.571; MSA 7.800(21). We reverse.

Petitioner Preferred Restoration, Inc., (PRI) sought the transfer of an industrial facilities exemption certificate pursuant to § 21 of the plant rehabilitation and industrial development districts act, MCL 207.571; MSA 7.800(21). The certificate was held by a third party that formerly occupied an industrial facility owned by petitioner Herman Brodsky Enterprises, Inc., but which PRI now occupies. Respondent City of Center Line denied the transfer because it concluded that PRI was not a manufacturer as defined under MCL 207.552(6); MSA 7.800(2)(6), and respondent State Tax Commission affirmed that decision.

Thereafter, petitioners appealed in the Macomb Circuit Court, seeking to have the commission order reversed. The circuit court found that PRI was a manufacturer as defined under MCL 207.552(6); MSA 7.800(2)(6), but that PRI lacked standing to challenge the denial of transfer.

On appeal, petitioners first argue that respondents incorrectly determined that PRI could not receive an exemption certificate because it was not a manufacturer as defined under MCL 207.552(6); MSA 7.800(2)(6). Respondents have not addressed this issue on appeal. All the evidence indicates

* Circuit judge, sitting on the Court of Appeals by assignment.

that PRI primarily manufactured replacement furniture and parts. Respondents' conclusion that PRI was not a manufacturer was unsupported by competent, material, and substantial evidence. MCL 24.306(1)(d); MSA 3.560(206)(1)(d), MCL 207.552(10); MSA 7.800(2)(10).

Although the circuit court agreed that PRI was a manufacturer as defined by the statute, the court concluded that PRI was not a proper party to receive the transfer because the holder of the certificate had not yet transferred the certificate. We hold that the circuit court erred in so concluding.

MCL 207.570; MSA 7.800(20) grants standing to persons aggrieved by the refusal to transfer an exemption certificate. The statute does not require the assignment or transfer of the certificate from the holder as a condition precedent to approval of that transfer by the city or the commission. The plain language of MCL 207.571; MSA 7.800(21) indicates that approval of the city and the commission are conditions that must be met before the assignment or transfer of the certificate by the holder. Without the required city approval, any transfer would be ineffective. In this case, the record indicates that the holder of the certificate was ready to transfer the certificate to PRI when PRI applied for the transfer. When Center Line refused to allow the transfer, the holder could not effectively transfer the exemption certificate and had to request revocation of the certificate in order to qualify for an exemption certificate at its new location.[1] Respondents cannot argue that PRI lacks

---

[1] The facts in this case are distinguishable from those in *Herman Brodsky Enterprises, Inc v State Tax Comm*, 204 Mich App 376; — NW2d — (1994), where the petitioners demanding transfer of the exemption certificates never applied for transfer of those certificates in accordance with MCL 207.571; MSA 7.800(21). Petitioner PRI sought

standing because the certificate was not trans-
ferred where respondents' own actions prevented
that transfer.

Reversed and remanded.

---

respondent Center Line's approval for the transfer as required by
MCL 207.571; MSA 7.800(21), and so has standing to challenge re-
spondent's refusal to allow the transfer.